**ALYESKA PIPELINE SERVICE CO., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 81–09–01252.

United States Court of International Trade.

Dec. 10, 1987.

**818**

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

This matter is before the Court on defendant's motion for a rehearing under Rule 59 of the Rules of this court. In its opinion in *Alyeska Pipeline Service Co. v. United States*, 10 CIT ——, 643 F.Supp. 1128 (1986) the Court upheld plaintiff's claim that protests had been timely filed, overturned the classification of the importations and found that the Customs Service had improperly assigned to one entry the values of merchandise which was properly attributable to 21 entries.

The Court did not deal with a counterclaim by the government that if the Court decided that it had jurisdiction over all the entries the value increase should be distributed pro-rata over all those entries. Although the decision could be read as implying that the government must bear the consequences of its decision to place the entire value of 21 entries on a single entry, and would therefore have to refund even the correct amount of duty which might have been attributed to the other entries, that would be an unfairly harsh result.

■■■ A motion for rehearing is within the discretion of the Court. *Commonwealth Oil Refining Co. v. United States*, 60 CCPA 162, 166 C.A.D. 1105, 480 F.2d 1352 (1973); *United States v. Shell Oil Co., Inc.*, 44 CCPA 54, C.A.D. 637 (1957); *Thornley & Pitt v. United States*, 19 CCPA 221, T.D. 45325 (1931).

If the Court did not grant this rehearing, the nonassessment of admittedly correct duties of 3.5% ad valorem on the twenty entries left untouched might yield plaintiff a windfall of approximately $90,000 and would represent a failure to dispense the full justice of which the Court is capable.

See *Jarvis Clark Co. v. United States*, 733 F.2d 873 (Fed.Cir.1984). The Court is loath to see any party achieve an unfair advantage due to technical considerations, even when the side adversely affected has, to a certain extent, contributed to its own predicament. For the reason given above it is hereby

ORDERED that the defendant's motion for rehearing is granted, and the parties shall confer with each other and, within 30 days from the date of entry of this order, submit their suggestions for the disposition of the case.